UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELISE LaMARTINA-HOWELL and<br>TIMOTHY HOWELL, Individually and<br>on behalf of their minor child, John<br>LaMartina Howell | CIVIL ACTION |
| VERSUS | NO. 07-1168 |
| ST. TAMMANY PARISH SCHOOL BOARD, et al | SECTION T(5) |

## ORDER AND REASONS

Currently before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants, St. Tammany Parish School Board, et al. (Rec. Doc. 39), a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Walter Reed and Harry Pastuszek (Rec. Doc. 35), and a Motion to Stay filed by Defendants Mandeville Police Department, Ronald Ruple, David Greenwood, Kalford Miazza, and Gregg Glaudi (Rec. Doc. 37). Plaintiffs represented to the Court their consent to a stay in their Response to Defendant's Motion for Stay (Rec. Doc. 44). The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.     BACKGROUND**

Elise LaMartina-Howell and Timothy Howell enrolled their nine-year old son, John LaMartina-Howell in Tchefuncte Middle School ("TMS") in August 2004.  Plaintiffs claim that problems arose with defendant Charisse Ripoll, a teacher at TMS, which gave plaintiffs cause to visit the school to address these concerns.  Issues with Ripoll and defendant Roxanne Lagarde, principal of TMS,  were not resolved.   On or about February 2005, Elise LaMartina-Howell alleges that she was arrested at her son's school by Officers David Greenwood and Kalford Miazza, officers of the Mandeville Police Department ("MPD"),  pursuant to an unlawful arrest warrant based on falsified evidence.  Plaintiffs allege that defendants conspired to have Ms. LaMartina-Howell falsely arrested through falsified police reports and malicious prosecution, which resulted in her being wrongfully convicted for violating Louisiana Revised Statutes 17:416.10 and 14:108.

Plaintiffs filed the instant action March 2, 2007 against the St. Tammany Parish School Board ("STPSB"), the Superintendent of STPSB, the Deputy Superintendent of STPSB, the TMS Principal and Assistant Principal, four teachers and employees of TMS, the Mandeville Police Department, four MPD police officers, the District Attorney and one Assistant District Attorney of St. Tammany Parish.  Ms. LaMartina-Howell was subsequently denied an appeal by the First Circuit Court of Appeal in Baton Rouge, Louisiana on August 7, 2006.  Plaintiffs now assert that Ms. LaMartina-Howell  initiated proceedings with the Governor's office to have her arrest Expunged by Executive Order.

Defendants have filed three separate motions. Defendants STPSB, Superintendent Gayle

Sloan, Deputy Superintendent W.L. "Trey" Folse, TMS Principal Roxanne Lagarde, TMS Assistant Principal Rohanda Chambers, and TMS teacher Charisse Ripoll filed a Motion to Dismiss claiming: (1) plaintiffs fail to state a claim under Rule 12(b)(6) because plaintiffs' claims are conclusory arguments; (2) plaintiffs' claims are based on a conviction that is final, which cannot be collaterally attacked; (3) plaintiffs' claims are barred because the Heck Doctrine precludes 42 U.S.C. §1983 and §1985 actions against the defendants; and (4) plaintiffs' claims for malicious protection, false arrest and for infliction of emotional distress cannot stand.

Defendants District Attorney Walter Reed, and Assistant District Attorney, Harry Pastuszek filed a Motion to Dismiss claiming: (1) plaintiffs' action against the defendants is barred by the Heck Doctrine; (2) Respondeat Superior Liability does not apply in section §1983 actions; (3) all prosecutors enjoy absolute immunity for their actions; (4) all allegations are conclusionary and insufficient for a §1983 complaint; (5) malicious prosecution and defamation are not constitutional violations; and (6) plaintiffs fail to allege facts that would support a §1983 or §1985 action.

Defendants MPD, and Officers Ronald Ruple, David Greenwood, Kalford Miazza, and Gregg Glaudi submitted a Motion to Stay claiming: (1) the Heck Doctrine bars plaintiffs' claims against defendants; (2) the Heck Doctrine authorizes the granting of a stay while the criminal conviction of Elise LaMartina-Howell is on appeal; and (3) qualified immunity provides an additional basis for staying.

In response to defendants' arguments in the Motions to Dismiss, plaintiffs assert that although Elise LaMartina-Howell's writ has been denied by the First Circuit Court of Appeals,

Ms. LaMartina-Howell has initiated proceedings to have her conviction expunged by executive order. Ms. LaMartina-Howell argues that this proceeding should be stayed pending a final resolution under the Heck Doctrine.

**II.    Law and Analysis**

This Court has "general discretionary power to stay proceedings before it in the control of its docket and in the interest of justice." Hines v. D'Artois, 531 F.2d 767, 733 (5th Cir. 1976). In making the decision whether to grant a stay, the Court should consider two variables: "the scope of the stay, and the reasons for ordering it." Id at 733.

The defendants argue, and plaintiffs agree, that the Motion to Stay should be granted because Elise LaMartina-Howell's current arrest status remains unresolved. Because this Court finds that the sole issue before it is whether a stay is proper, the issues concerning immunity, respondeat superior liability, malicious prosecution and defamation, false arrest, and for infliction of emotional distress contained in the Motions to Dismiss are premature and need not be discussed at this time.

The Court finds that the scope of the requested stay, the lack of prejudice to the defendants and the reasons cited for ordering it justify an order grating the Motion to Stay. First, the duration of the stay plaintiffs request is limited to the time it takes the Governor's office to issue an order on plaintiffs' expungement. Therefore, the scope of the stay is limited and will not prejudice the plaintiffs. Second, the reasons supporting the issuance of a stay in this case are compelling. In Heck v. Humphrey, 512 U.S. 477, 486-7 (1994), the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction of sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.[1]

There is a distinct possibility that the outcome of the executive order will address the duplicative issues in the present case, because by permitting a convicted criminal defendant to proceed with present claims, such as malicious prosecution, would provide a collateral attack on the conviction through §1983 damage actions.[2]  Because §1983 damage actions are not appropriate vehicles for challenging the validity of outstanding criminal judgment, the plaintiffs must prove the unlawfulness of Elise LaMartina-Howell's conviction.

Accordingly,

**IT IS ORDERED** that the Motion to Stay filed on behalf of plaintiffs, Elise LaMartina-Howell, and Timothy Howell, Individually and on Behalf of Their Minor Child, John La Martina Howell (Rec. Doc. 37) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed on behalf of Defendants, St. Tammany Parish School Board, et al.  (Rec. Doc. 39) and the Motion to Dismiss filed on behalf of Defendants Walter Reed and Harry Pastuszek (Rec. Doc. 35) are hereby **DENIED.**

---

[1] Heck v. Humprhey, 512 U.S. 477, 486-7 (1994).

[2] *Id*. at 486.

New Orleans, Louisiana, this 9th day of November, 2007.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**