UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ELISE LAMARTINA-HOWELL, ET AL.                CIVIL ACTION

VERSUS                                        NO: 07-1168

ST. TAMMANY PARISH SCHOOL BOARD, ET           SECTION: R
AL.

## ORDER AND REASONS

Before the Court are two motions for summary judgment filed by defendants (R. Docs. 79, 80).  The moving defendants are employees of the Office of the District Attorney for the 22nd Judicial District and the St. Tammany Parish School Board.  For the following reasons, the motions are GRANTED.


## I. Background

This case arises out of a series of encounters between Plaintiff Elise LaMartina-Howell and officials of Tchefuncte Middle School in Mandeville, Louisiana, where LaMartina-Howell's nine-year-old son had enrolled.  These encounters culminated in the School's banning LaMartina-Howell and her husband from the School campus.[1]  LaMartina-Howell acknowledges in her complaint that she violated the ban in December of 2004, and alleges that

_____

[1] Unless otherwise specified, "LaMartina-Howell" refers to Elise LaMartina-Howell only.

1

in February of 2005, officers of the Mandeville Police Department arrested her when she dropped her son off at school.  She asserts that the officers were acting under the authority of an unlawful warrant based on falsified evidence and that the defendants prepared a false police report with falsified evidence and caused her to face trial.  She contends that these officers were working at the behest of employees of the School Board and that certain defendants — including employees of the School Board and the District Attorney's Office — conspired to falsify evidence necessary for the issuance of an arrest warrant.

LaMartina-Howell and her husband filed suit in this Court in 2007 individually and on behalf of their son against numerous defendants, including employees of the School, the St. Tammany Parish School Board, the Mandeville Police Department, and the St. Tammany Parish District Attorney.  They allege that all of the defendants falsely imprisoned her, maliciously prosecuted her, and violated her First Amendment rights.  They further contend that defendants conspired to interfere with their civil rights in violation of 42 U.S.C. § 1985, and that they intentionally and negligently inflicted emotional distress upon plaintiffs in violation of state law.

In the meantime, LaMartina-Howell was convicted of school trespassing and resisting arrest, the counts for which she was

arrested.[2]  A claim for resisting arrest, notably, requires that

the underlying arrest be lawful.[3]  This judgment was entered

after a bench trial in state court that found LaMartina-Howell

guilty of both counts.[4]  Furthermore, the appeals court denied

her writ application, and the Governor denied her application for

clemency.[5]  Finally, the Louisiana Supreme Court declined to

consider LaMartina-Howell's supervisory writ of certiorari,

prohibition and mandamus and/or habeas corpus because it was not

timely filed.[6]

In November of 2009, the Court granted summary judgment in

favor of the Mandeville Police Department and several of its

employees.  Specifically, the Court ruled that the Mandeville

Police Department was not a juridical entity that is subject to

suit.  It additionally ruled that plaintiffs' claims against the

police department were barred because they would imply the

---

[2] *See* LA. REV. STAT. § 17:416.10 (school trespassing); LA. REV. STAT. § 14:108 (resisting arrest).

[3] *See* LA. REV. STAT. § 14:108(A); *see also State v. Lindsay*, 388 So. 2d 781, 782 (La. 1980) ("It is a long-established principle in Louisiana law that a citizen has the right to resist an unlawful arrest."); *State v. Washington*, 725 So. 2d 587, 590 (La. Ct. App. 1998).

[4] R. Doc. 69, Ex. 1.

[5] R. Doc. 69, Ex. 2.

[6] R. Doc. 89, Ex. A.

invalidity of LaMartina-Howell's state-court convictions.[7]

The School Board and its employees and employees of the District Attorney's office now move for summary judgment upon largely the same grounds. Both groups of defendants note that LaMartina-Howell was convicted in state court and her convictions have become final. They argue that her claims, if successful, would imply the invalidity of these convictions, and that they are thus barred. In addition, both motions contend that the allegations in plaintiffs' complaint are conclusory and insufficient to support a complaint under § 1983 or § 1985.[8] Because this latter claim contests the sufficiency of the complaint but was brought long after the filing of the initial complaint, the Court will treat it as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Unlike the previous motions for summary judgment, these motions are opposed. The Court rules as follows.

## II. Legal Standard

*A. Summary Judgment*

Summary judgment is appropriate when "the pleadings, the

---

[7] *See* R. Doc. 78; *see also Heck v. Humphrey*, 512 U.S. 477 (1994).

[8] The District Attorney's motion contains additional arguments related to prosecutorial immunity and respondeat superior liability. The Court does not reach these arguments.

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[9] When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[10]  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[11]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[12]  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving

---

[9] FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[10] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

[11] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[12] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).

party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[13]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[14] The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.[15] The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.[16]

Finally, courts construe briefs submitted by *pro se* litigants liberally, and a court will "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel."[17] This does not mean, however, that a

---

[13] *Id.* at 1265.

[14] *See Celotex*, 477 U.S. at 325.

[15] *See id.* at 324.

[16] *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

[17] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam); *see also see Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983).

court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing."[18]  Furthermore, the evidentiary requirements of summary judgment apply equally to *pro se* litigants as they do to represented parties.  "Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, [the Fifth Circuit has] never allowed such litigants to oppose summary judgments by the use of unsworn materials."[19]

*B. Judgment on the Pleadings*

A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss.[20]  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[21]  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that

---

[18] *Jones v. Alfred*, 353 Fed. App'x 949, 951-52 (5th Cir. 2009).

[19] *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980); *see also Morales v. Boyd*, 304 Fed. App'x 315, 318 (5th Cir. 2008) (quoting *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981)).

[20] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[21] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

the defendant is liable for the misconduct alleged."[22]  A court

must accept all well-pleaded facts as true and must draw all

reasonable inferences in favor of the plaintiff.[23]  But the Court

is not bound to accept as true legal conclusions couched as

factual allegations.[24]

A legally sufficient complaint must establish more than a

"sheer possibility" that plaintiff's claim is true.[25]  It need

not contain detailed factual allegations, but it must go beyond

labels, legal conclusions, or formulaic recitations of the

elements of a cause of action.[26]  In other words, the face of the

complaint must contain enough factual matter to raise a

reasonable expectation that discovery will reveal evidence of

each element of the plaintiff's claim.[27]  If there are

insufficient factual allegations to raise a right to relief above

the speculative level, or if it is apparent from the face of the

complaint that there is an insuperable bar to relief, the claim

---

[22] *Iqbal,* 129 S.Ct. at 1940.

[23] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[24] *Iqbal*, 129 S.Ct. at 1949.

[25] *Id.*

[26] *Iqbal*, 129 S.Ct. at 1949.

[27] *Lormand*, 565 F.3d at 256.

must be dismissed.[28]


## III. Analysis

*A. Whether Plaintiffs' Claims are Barred Because they Imply the Invalidity of LaMartina-Howell's State-Court Conviction*

In its previous Order, the Court engaged in a lengthy analysis of the *Heck v. Humphrey* doctrine and relevant law. Because that analysis is directly relevant to the motions now before the Court, much of it will be repeated here. In *Heck*, a prisoner who had been convicted of voluntary manslaughter brought an action under § 1983 against police and prosecutors while his appeal was still pending, arguing that his arrest and conviction were unlawful. The suit, however, sought only damages. It did not request injunctive relief or release from custody.[29] The Court noted that § 1983 created a species of tort liability analogous to the common-law tort action of malicious prosecution. It noted that an action for malicious prosecution requires that the criminal proceeding be terminated in favor of the accused. Otherwise, a convicted defendant could mount a collateral attack on his conviction in the guise of a civil suit.[30]

---

[28] *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

[29] 512 U.S. at 478-79.

[30] *Id*. at 483-85.

Accordingly, the Court held that § 1983 claims for damages are "not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ."[31] A plaintiff may bring a § 1983 action that would necessarily require the unlawfulness of his conviction, but only in particular circumstances. The Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.[32]

When a district court confronts a § 1983 action for damages that implicates a conviction or sentence, it must determine whether a ruling for the plaintiff "would necessarily imply the invalidity" of the conviction or sentence. If the court determines that it would, the action cannot proceed unless the conviction has been vacated, invalidated, or overturned. An action that would not demonstrate the invalidity of the conviction should be allowed to proceed.[33]

---

[31] *Id*. at 486.

[32] *Id*. at 486-87 (emphasis in original).

[33] *Id*. at 487.

LaMartina-Howell's conviction has not been reversed or
called into question. Thus, the Court must determine whether
plaintiffs' claims would necessarily imply the invalidity of that
conviction. Again, the § 1983 claim alleges that her federal
constitutional rights were violated by the defendants, who were
acting under color of state law.[34] Specifically, plaintiffs
contend that their First Amendment rights were violated, that
LaMartina-Howell was falsely imprisoned and maliciously
prosecuted in violation of the Fourth Amendment, and that she was
unreasonably searched and arrested without a warrant or probable
cause in violation of the Fourth Amendment. In addition,
plaintiffs allege that all of the defendants are responsible for
all of their claims.

First, the Fourth Amendment claims brought against the
defendants are barred by the *Heck* doctrine. Plaintiffs argue
that defendants falsely arrested LaMartina-Howell in violation of
the Fourth Amendment. Furthermore, they argue that the arrest
was without probable cause and that she was unreasonably seized.
These claims, if successful, would call into question LaMartina-
Howell's state-court conviction. *Heck* itself used a very similar
scenario to illustrate its holding.

A state defendant is convicted of and sentenced for the

---

[34] *See Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472
(5th Cir. 1996) (noting that the arguments of *pro se* litigants
are construed liberally).

> crime of resisting arrest, defined as intentionally
> preventing a peace officer from effecting a *lawful*
> arrest. . . . He then brings a § 1983 action against the
> arresting officer, seeking damages for violation of his
> Fourth Amendment right to be free from unreasonable
> seizures. In order to prevail in this § 1983 action, he
> would have to negate an element of the offense of which
> he has been convicted.[35]

This is precisely the scenario here, and the action is thus

barred under *Heck*. In addition, plaintiffs' claim for false

arrest is similarly barred. Such a claim would necessarily imply

that defendants' arrest of LaMartina-Howell was unlawful, and it

is therefore not cognizable in a § 1983 action.[36] Finally, she

claims that she was maliciously prosecuted in violation of the

Fourth Amendment. The Court need not reach the *Heck* argument

because malicious prosecution claims, in the absence of any

additional constitutional claims, are not cognizable under

§ 1983.[37]

---

[35] *Heck*, 512 U.S. at 487 n.6; *see also* LA. REV. STAT. §
14:108(A).

[36] *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 n.18
(5th Cir. 2009) ("A false arrest claim also requires a showing
that any resulting 'conviction or sentence has been reversed on
direct appeal, expunged by executive order, declared invalid by a
state tribunal authorized to make such determination, or called
into question by a federal court's issuance of a writ of habeas
corpus.'") (quoting *Heck*, 512 U.S. at 486-87); *Queen v. Purser*,
109 Fed. Appx. 659, 660 (5th Cir. 2004).

[37] *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir.
2003) ("'malicious prosecution' standing alone is no violation of
the United States Constitution, and that to proceed under 42
U.S.C. § 1983 such a claim must rest upon a denial of rights
secured under federal and not state law"). Plaintiffs contend
that malicious prosecution *is* a claim cognizable under § 1983

In addition to these *Heck*-barred federal-law claims, several of plaintiffs' state-law claims cannot survive summary judgment either. In order to prevail on a malicious prosecution claim under Louisiana law, a plaintiff must prove (1) the commencement or continuance of an original criminal or civil law judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to the plaintiff.[38] All of the elements must be present for a plaintiff to prevail.[39] Here, defendants have presented uncontradicted evidence that the state proceedings did not terminate in favor of LaMartina-Howell, the present plaintiff. Accordingly, plaintiffs cannot establish all of the elements of their malicious

---

when the purpose of the prosecution is to infringe upon a § 1983 plaintiff's civil rights. This claim is fuzzy at best, and vaguely suggests that defendants' motivation was to suppress plaintiffs' First Amendment rights of speech and association, but it fails to specify how specifically this took place or how the prosecution may have violated such rights. Plaintiffs also suggest that defendants maliciously prosecuted them to prevent them from bringing this lawsuit. They do not explain how it could be that defendants maliciously prosecuted them in order to prevent a suit for malicious prosecution.

[38] *Brungardt v. Summitt*, 7 So. 3d 879, 886 (La. Ct. App. 2009); *see also Jones v. Soileau*, 448 So. 2d 1268, 1271 (La. 1984).

[39] *Melius v. Keiffer*, 980 So. 2d 167, 173 (La. Ct. App. 2008).

prosecution claim, and defendants are entitled to summary judgment.

Plaintiffs' false arrest claim fails for similar reasons. In Louisiana, a claim of false arrest requires a showing that (1) the plaintiff was detained, and (2) that the detention was unlawful.[40] "If a plaintiff is convicted of a crime for which he was arrested and indicted, and the conviction is affirmed, his detention is not unlawful as a matter of law."[41] Again, LaMartina-Howell has been convicted, and that conviction has been affirmed. She cannot prevail on her state-law false arrest claim, and defendants are therefore entitled to summary judgment on this count as well.

*B. Whether the Remaining Allegations are Sufficient to State a Claim*

In addition to the claims barred above, plaintiffs also allege that defendants violated their First Amendment rights, that defendant engaged in a conspiracy to violate their civil rights under 42 U.S.C. § 1985, and that defendants engaged in

---

[40] *Dumas v. City of New Orleans*, 803 So. 2d 1001, 1003 (La. Ct. App. 2001).

[41] *Slaydon v. State Dep't of Wildlife & Fisheries*, 636 So. 2d 1151, 1152 (La. Ct. App. 1994); *see also Cooks v. Rodenbeck*, 711 So. 2d 444, 448 (La. Ct. App. 1998).

intentional and negligent infliction of emotional distress.[42] Plaintiffs cannot maintain these claims to the extent that they arise exclusively out of a lawful arrest and successful prosecution, because such a holding would imply the illegality of that arrest and prosecution. Their claims must therefore arise from conduct outside of the arrest and prosecution itself.

Other than the circumstances surrounding the arrest and prosecution, the complaint speaks in only broad and conclusory terms, replete with legal conclusions and claims that appear to be nothing but speculation. For example, outside of the lawful arrest and prosecution, the allegations plaintiffs supply for their First Amendment claims appear in vague terms that accompany legal conclusions. For example, plaintiffs assert that

> [d]efendants purposefully engaged in conduct intended to deprive your plaintiffs of their rights to privacy, to freedom of speech, and to freedom to petition for redress of grievances by keeping them under constant surveillance in an effort to invade their privacy and chill their First Amendment activities, threatening arrest and/or arresting your plaintiffs for the exercise of their free speech and association, and for retaliating against them for said activities.[43]

---

[42] In its previous Order, the Court held that these claims were barred because they would imply the invalidity of LaMartina-Howell's state-court conviction. This was because that Order addressed only claims against officers of the Mandeville Police Department, and plaintiffs' allegations indicate only that these officers took part in LaMartina-Howell's arrest. Any claims of illegality arising out of the arrest would imply the invalidity of that arrest and would accordingly be barred.

[43] R. Doc. 1 at 14.

The Court cannot determine from the complaint how, other than the lawful arrest and prosecution, plaintiffs' First Amendment rights have been violated.  Accordingly, the allegations are insufficient to state such a claim.

The same is true with respect to plaintiff's claims for conspiracy to interfere with their civil rights under 42 U.S.C. § 1985.  The § 1985 claim in the complaint recounts a conspiracy that focuses largely on the claims surrounding the arrest, including a conspiracy to falsify evidence, illegally obtain an arrest warrant, and maliciously prosecute LaMartina-Howell out of a motivation to humiliate her and suppress her constitutional rights.  But plaintiffs have alleged nothing, such as meetings or agreements between the parties, suggesting that defendants played any role in any conspiracy.[44]  The filings contain only vague, conspiratorial allegations of wrongdoing, such as an "ongoing pattern of harassment and intimidation."  It does not appear from any of the filings that such an "ongoing pattern" took the form of anything other than a successful prosecution of a criminal case by state authorities.  Furthermore, a plaintiff who brings a claim under § 1985 requires that the "plaintiff must show membership in some group with inherited or immutable characteristics (e.g., race, gender, religion, or national

_____

[44] *See Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994).

16

origin), or that the discrimination resulted from the plaintiff's political beliefs or associations."[45]  No such allegation appears in the complaint.  Plaintiffs' complaint therefore fails to state a claim under § 1985 as well.

Because plaintiffs' claims are either barred or are insufficient, their claims for intentional and negligent infliction of emotional distress cannot survive either.  In order to prevail on such a claim, they must show that "(1) the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."[46]  The defendant's conduct must be truly "extreme and outrageous." Conduct that is "merely tortuous or illegal does not rise to the level of being extreme and outrageous."[47]  Here, the complaint describes the arrest and makes vague allegations about other actions on the part of defendants.  No well-pleaded factual

---

[45] *Galloway v. State of La.*, 817 F.2d 1154, 1159 (5th Cir. 1987).  The complaint does state that the defendants' actions were politically motivated, but it never sufficiently clarifies what the supposed political views of any of the parties are or how they factor into the alleged conduct.

[46] *Brungardt*, 7 So. 3d at 887; *see also White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).

[47] *Nicholas v. Allstate Ins. Co.*, 765 So. 2d 1017, 1025 (La. 2000).

allegation in the complaint might demonstrate that any action taken by the defendants rose to the demanding level of "extreme and outrageous."

Finally, plaintiffs note in their opposition that they have stated a claim for defamation. Defamation does not appear in the list of claims for relief that appears in the complaint. Even if it did, however, this claim would be insufficient as well. The complaint indicates that

> on information and belief, your plaintiffs assert that defendants intentionally and deliberately contacted the news media and television stations in an effort to further cause your plaintiffs ridicule, humiliation, scorn, and embarrassment within the community. As a result of the defendants' actions alleged herein, the news media and at least one television station, reported the incident in great detail all for a MISDEMEANOR charge. Rapists and child pornographers routinely receive less media coverage than that accorded to your plaintiff. These acts of notifying the media on at least three occasions are acts outside the course and scope of their employment and as such subject these defendants to individual prosecution and liability.[48]

A claim of defamation requires, among other elements, that the words be defamatory and that they be false.[49] This short allegation is insufficient to demonstrate that either of these elements is met. This claim, too, is insufficient.

In response, plaintiffs suggest that instead of dismissing

---

[48] R. Doc. 1 at 12 (as in original).

[49] *See Gugliuzza v. K.C.M.C., Inc.*, 606 So. 2d 790, 791 (La. 1992).

18

their complaint, the Court should grant them leave to amend their complaint. Even given the traditional liberal treatment of *pro se* litigants, this is not a sufficient response to a dispositive motion. The Fifth Circuit has held that "a bare request in an opposition to a motion to dismiss does not constitute a motion [for leave to amend] within the contemplation of Rule 15(a)."[50] Even if such a rule did not apply, the Court would not grant leave to amend.

At this stage of the litigation, a party may amend its complaint only with the consent of the opposing party or leave of Court.[51] Courts "should freely give leave when justice so requires."[52] This does not mean, however, that leave to amend is automatic or is granted in every case.[53] Such leave to amend is committed to the discretion of the district court, and the court may deny amendment for substantial reasons such as undue delay, bad faith or dilatory motive, failure to cure deficiencies, undue

---

[50] *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

[51] Fed. R. Civ. P. 15(a)(2).

[52] *Id.*

[53] *See Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).

prejudice to the defendant, or futility of the amendment.[54]

Plaintiffs have not submitted a proposed complaint, nor have they given any indication of what allegations the new complaint will contain.  They make only vague indications that they know of numerous other acts, including acts that took place after they filed their initial complaint, that would entitle them to relief.  Such contentions are insufficient to entitle a plaintiff to amendment.  Because plaintiffs have not indicated how they might amend their complaint, the Court literally cannot determine whether justice requires amendment.  And it cannot, for example, determine whether such an amendment would be futile.

In addition, this litigation began over three years ago.  Plaintiffs have provided no reason why they could not have moved to amend their complaint earlier.  And they do not appear to have expressed any interest in amending their complaint until defendants filed a series of dispositive motions.  In sum, the Court will not allow plaintiffs to amend their complaint, and in so doing defeat dispositive motions brought by opposing parties, on the mere suggestion that they have other, undisclosed allegations that might entitle them to relief.  Rule 15's generous standard "is tempered by the necessary power of a

---

[54] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

20

district court to manage a case,"[55] and "a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."[56] Plaintiffs' claims are thus either barred or are insufficient to state a claim upon which relief may be granted.

## IV. Conclusion

For the foregoing reasons, defendants' motions for summary judgment and judgment on the pleadings are GRANTED.

New Orleans, Louisiana, this ___29th___ day of April, 2010.

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[55] *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987).

[56] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)).